BENEDICT O'MAHONEY (State Bar No.152447)
TERRA LAW
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone:  408-299-1200
Facsimile:  408-998-4895
Email:  bomahoney@terralaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  vowell@fsclaw.com
Email:  blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC., | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,249,868 AND 6,594,765** |
| HONEYWELL INTERNATIONAL, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant HONEYWELL INTERNATIONAL, INC., alleging as follows:

## THE PARTIES

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SoftVault") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

2. Upon information and belief HONEYWELL INTERNATIONAL, INC. ("HONEYWELL") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morris Township, New Jersey. HONEYWELL may be served with process through its registered agent, Corporation Service Company at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA.

## JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, HONEYWELL is subject to personal jurisdiction by this Court. HONEYWELL has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. HONEYWELL makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one. Upon information and belief, HONEYWELL has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

## PATENTS-IN-SUIT

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and made a part hereof.

6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and made a part hereof.

7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to a method and system of protecting electronic, mechanical, and electromechanical devices and systems, such as for example a computer system, and their components and software from unauthorized use. Specifically, certain claims of the '868 and '765 Patents disclose the utilization of embedded agents within system components to allow for the enablement or disablement of the system component in which the agent is embedded. The invention disclosed in the Patents-in-Suit discloses a server that communicates with the embedded agent through the use of one or more handshake operations to authorize the embedded agent. When the embedded agent is authorized by the server, it enables the device or component, and when not authorized the embedded agent disables the device or component.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

9. SoftVault repeats and realleges every allegation set forth above.

10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

11. Upon information and belief, HONEYWELL is liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses,

1  practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or
2  systems that practice one or more claims of the Patents-in-Suit.

3  12. More specifically, HONEYWELL infringes the Patents-in-Suit because it makes,
4  uses, sells, and offers for sale products and systems which prevent unauthorized use of a
5  computer system through the ability to enable or disable the operation of a device's components
6  utilizing an authorization process performed by an embedded agent in the component device and
7  a server.  By way of example only, HONEYWELL's Remote MasterMind Device Management
8  Software, at a minimum, in the past directly infringed and continues to directly infringe at least
9  claims 1 and 44 of the '868 Patent, as well as at least claim 9 of the '765 Patent.

10  13. HONEYWELL's Remote MasterMind Device Management Software, includes
11  the capability to enable or disable a mobile device, such as a tablet or smart phone, to prevent
12  misuse of the system. The HONEYWELL Remote MasterMind Device Management Software
13  includes an agent (the "Remote MasterMind Device Agent"") that is installed and embedded
14  within a mobile device and communicates with a HONEYWELL server (the "Remote
15  MasterMind Deployment Server").  This communication includes a series of message exchanges,
16  memorialized by authentication certificates, constituting a handshake operation between the
17  HONEYWELL Remote MasterMind Deployment Server and the Remote MasterMind Device
18  Agent. Through these exchanges the server and the embedded agent mutually authenticate one
19  another, resulting in the authorization of a device in which the HONEYWELL Remote
20  MasterMind Device Agent is embedded. When the agent is authorized by the server, the mobile
21  device operates normally and when the agent is not authorized, the mobile device is remotely
22  locked, wiped, and/or disabled.

23  14. HONEYWELL has actual notice of the Patents-in-Suit at least as early as the
24  filing of this Complaint.

25  15. SoftVault has been damaged as a result of HONEYWELL's infringing conduct.
26  HONEYWELL is, thus, liable to SoftVault in an amount that adequately compensates SoftVault
27  for HONEYWELL's infringement, which, by law, cannot be less than a reasonable royalty,
28  together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

SoftVault requests that the Court find in its favor and against HONEYWELL, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by HONEYWEL ;

b. Judgment that HONEYWELL account for and pay to SoftVault all damages to and costs incurred by SoftVault because of HONEYWELL's infringing activities and other conduct complained of herein;

c. That HONEYWELL, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit.  In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

d. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of HONEYWELL's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/

/

/

/

/

| | | |
|---|---|---|
| 1 | DATED: March 12, 2014. | /s/ Benedict O'Mahoney |
| 2 | | Benedict O'Mahoney |
| 3 | | (Bar No.152447)<br>TERRA LAW |
| 4 | | 177 Park Avenue, Third Floor<br>San Jose, California 95113 |
| 5 | | Telephone:  408-299-1200<br>Facsimile:  408-998-4895 |
| 6 | | Email:  bomahoney@terralaw.com |
| 7 | | Attorney for Plaintiff<br>SOFTVAULT SYSTEMS, INC. |
| 8 | | Of Counsel: |
| 9 | | Jonathan T. Suder |
| 10 | | Corby R. Vowell<br>Todd Blumenfeld |
| 11 | |   FRIEDMAN, SUDER & COOKE<br>Tindall Square Warehouse No. 1 |
| 12 | | 604 East 4th Street, Suite 200<br>Fort Worth, Texas  76102 |
| 13 | | Telephone:  (817) 334-0400<br>Facsimile:  (817) 334-0401 |
| 14 | | Email:  jts@fsclaw.com<br>Email:  blumenfeld@fsclaw.com<br>Email:  vowell@fsclaw.com |

5
COMPLAINT FOR INFRINGEMENT OF PATENT

1179366